# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MONDREA VINNING, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 01-CV-994-WDS |
| J. WALLS, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is the Report and Recommendation of Magistrate Judge Clifford J. Proud (Doc. 250) that this Court deny plaintiff's motion for writ of execution (Doc. 247). Plaintiff filed an objection (Doc. 251), to which defendants Roger Cowan, Scott Long, Donald Snyder, and Jonathan Walls filed a response (Doc. 252). Defendant Reid has not filed a response.

In an Order dated March 26, 2008, this Court made findings of facts and conclusions of law following a bench trial held in August of 2007 (Doc. 242). In that Order, the Court found that plaintiff, Mondrea Vinning, was entitled to a default judgment against defendant Reid and awarded damages in favor of plaintiff and against Reid in the amount of $1,000.00. On August 11, 2008, plaintiff filed a writ of execution (Doc. 247) seeking to recover those yet unpaid damages.

Following that August 2007 bench trial, this Court entered judgment in favor of defendants Cowan, Long, Snyder, and Walls, and against plaintiff, on each of the claims that plaintiff brought against these defendants in this lawsuit. As the Report and Recommendation

1

notes, in an action premised upon individual liability, defendants who are not found liable, are therefore not responsible for the monetary judgment entered against a co-defendant.[1] Accordingly, plaintiff's motion for writ of execution (Doc. 247) is **DENIED** as to defendants Cowan, Long, Snyder, and Walls.

However, an issue remains as to whether plaintiff's motion for writ of execution with respect to defendant Reid should be granted. Federal Rule of Civil Procedure 69(a) provides that supplemental proceedings to collect judgment shall comply with the procedures of the state in which the District Court sits. Fed. R. Civ. P. 69(a). Under Illinois Supreme Court Rule 277, by way of Section 2-1402 of the Illinois Code of Civil Procedure, plaintiff must first file a motion to discover defendant Reid's assets before seeking a court order to secure those assets necessary to satisfy the judgment. 735 ILCS 5/2-1402(a). The magistrate recommends, therefore, that the Court deny plaintiff's motion for writ of execution as premature, and direct plaintiff to properly seek discovery of Reid's assets.

In addition to recommending denial of plaintiff's motion on procedural grounds, the magistrate raises the broader question of whether plaintiff is entitled to any relief against defendant Reid under the Prisoner Litigation Reform Act of 1995 (PLRA). Pursuant to the PLRA the Court cannot grant relief to a plaintiff "unless a reply has been filed." 42 U.S.C. § 1997e(g)(1). The Court notes that defendant Reid did not file a reply in this case, despite being

---

[1] Plaintiff brought his cause of action against defendants under 42 U.S.C. § 1983, which premises liability upon personal responsibility. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). To the extent that plaintiff now alleges that he sued these defendants in their official capacities, the Eleventh Amendment bars his claim. *Miller v. Smith*, 220 F.3d 491, 493 (7th Cir. 2000)(citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984)).

given sufficient opportunity, and specifically being directed to do so.² In light of this, the Court **FINDS** that it properly entered default against Reid. However, the Court agrees with the Magistrate Judge that the award of relief in this case under the PLRA departs from the purposes of 42 U.S.C. § 1997e(g)(1) because defendant Reid did not file a reply in this case.

Upon review of the record, the Court, therefore **ADOPTS IN PART and REJECTS in part** the Report and Recommendation of Magistrate Judge Clifford J. Proud (Doc. 250). The Court **OVERRULES** plaintiff's objection (Doc. 251), **SUSTAINS** the objection of defendants Cowan, Long, Snyder and Walls (Doc. 252), and **DENIES** plaintiff's motion for writ of execution (Doc. 247) as to defendants Cowan, Long, Snyder, and Walls. As to defendant Reid, the Court **ADOPTS** that part of the recommendation that the Court should deny the motion for execution of the writ as to Reid under the PLRA, and **FINDS** that it improperly awarded damages pursuant to the PLRA, and that part of the Court's Order of March 26, 2008 is **VACATED** and **SET ASIDE**. The Court **FURTHER FINDS** that it is appropriate to **AMEND** its Order of March 26, 2008, as follows:

Plaintiff is not entitled to monetary relief against defendant Reid under 42 U.S.C. § 1997e(g)(1) of the Prison Litigation Reform Act of 1995 (because defendant Reid did not file a reply in this case). However, the Court, pursuant to its inherent authority to sanction "a full range of litigation abuses," *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 48-50 (1991); *see also*

---

²Exercising its authority under 42 U.S.C. § 1997e(g)(2), the Court directed all of the defendants in this lawsuit to file a reply to plaintiff's complaint. (See Doc. 11, p. 13)("Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g)."). The record reveals that defendant Reid has disregarded that direct Order of the Court and this litigation, making default judgment a necessary and appropriate remedy in this situation. *Sun v. Board of Trustees of University of Illinois*, 473 F.3d 799, 811 (7th Cir. 2007); *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1204 (7th Cir. 1984).

*Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 757 (7th Cir. 2008), imposes a sanction in the amount of $1,000.00 against defendant Reid for his failure to comply with the Court's Order of June 19, 2003 (Doc. 11), which required the served parties to defend the case brought against them by plaintiff. Accordingly, the Court **DIRECTS** Magistrate Judge Clifford. J. Proud to conduct an investigation of defendant Reid's assets and to proceed in accordance with this Order.

The Clerk of the Court is **DIRECTED** to **VACATE AND SET ASIDE** the Court's Judgment of March 26, 2008, and enter an Amended Judgment changing Paragraph 1 as follows:

**IT IS HEREBY ORDERED AND ADJUDGED** that pursuant to the Order of this Court dated March 26, 2008, default judgment is entered in favor of the plaintiff, **MONDREA VINNING** and against, **C/O REID** on plaintiff's Eighth Amendment failure to protect claim. Judgment is also entered in favor of defendant, **C/O REID** and against plaintiff, **MONDREA VINNING** on plaintiff's claim for compensatory and punitive damages. Pursuant to the Orders of the Court entered June 19, 2003 (Doc. 11), and March 31, 2009, as a sanction against **C/O REID** for ignoring a direct Court Order in this litigation, the Court **IMPOSES** a sanction in the amount of $1,000.00 against **C/O REID** and in favor of plaintiff, **MONDREA VINNING**. All other parts of the Judgment of March 26, 2008 shall remain the same.

**IT IS SO ORDERED.**

**DATED: March 31, 2009**

                                                **s/ WILLIAM D. STIEHL**
                                                          **District Judge**