IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MONDREA VINNING-EL, #B-63459**, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL NO. 01-cv-994-WDS** |
| ) | |
| **J. WALLS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM AND ORDER**

**STIEHL, District Judge:**

Before the Court is plaintiff's motion to have defendant Reid's sanctions awarded to plaintiff for attorney fees and court costs (Doc. 269). Defendants have not filed a response to plaintiff's motion.

**BACKGROUND**

This case was filed in December of 2001 and a bench trial was held in August of 2007. Defendant Reid failed to participate or file any answer or response to any of the proceedings until January of 2010, even though the Court ordered him to do so. He admits to accepting service in March of 2007. Following the bench trial, the Court made findings of fact and conclusions of law, entered a default judgment against Reid, and awarded $1,000.00 in damages to plaintiff (Doc. 242). The Magistrate Judge subsequently raised the issue that under the Prison Litigation Reform Act, the Court cannot grant relief to the plaintiff "unless a reply has been filed." 42 U.S.C. § 1997e(g)(1). Since defendant Reid did not file a reply in this case, despite being given sufficient opportunity and specifically being directed to do so, the Court vacated the damages Order, but then imposed sanctions (Doc. 253) for defendant Reid's failure to comply with the Court's Order of June 19, 2003

(Doc. 11). Magistrate Judge Clifford J. Proud was directed to conduct an investigation of defendant Reid's assets (Doc. 253). Subsequently, plaintiff filed a motion to discover defendant Reid's assets (Doc. 257), seeking compulsion of the $1,000.00 sanctions payment.

Defendant Reid was Ordered to appear before Magistrate Judge Proud on January 14, 2010 (Doc. 256). Reid complied with this Order and filed a financial affidavit (Doc. 260). Reid subsequently filed a motion for relief from judgment (Doc. 263) and motion for leave to file an answer *instanter* (Doc. 265). This Court denied Reid's requests for vacation of sanctions, vacation of default judgment, and request to file an answer *instanter*, and ordered defendant Reid to pay a sanction of $500.00, in monthly installments, to the Clerk of this Court (Doc. 268). Plaintiff requests that defendant's payments be awarded to plaintiff for court costs and attorney's fees.

## ANALYSIS

As the Court stated in previous orders, under the Prison Litigation Reform Act, "[n]o relief shall be granted to the plaintiff unless a reply has been filed." 42 U.S.C. § 1997e(g)(1). At this point, defendant Reid has filed pleadings, but the pleadings were filed after the Court entered judgment against him. Defendant was denied leave to file an answer *instanter* after judgment had been entered (Doc. 268).

Here, the Court did not impose attorneys fees, but sanctioned defendant Reid pursuant to its inherent authority to sanction "a full range of litigation abuses." *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 48-50 (1991); *see also Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 757 (7th Cir. 2008). The Court imposed sanctions "to reprimand the offender and 'to deter future parties from trampling upon the integrity of the court.'" *Salmeron v. Enterprise Recovery Systems, Inc.*, 579 F.3d 787, 797 (7th Cir. 2009) *quoting Dotson v. Bravo*, 321 F.3d 663, 668 (7th Cir. 2003). In other words, this Court

imposed sanctions pursuant to its inherent powers to protect the integrity of the Court and its procedures.  This Court determined that attorney's fees and costs for the plaintiff were not appropriate in light of the restrictions of the Prison Litigation Reform Act and the lack of a finding of bad faith on the part of defendant Reid.  This Court remains convinced that sanctions, and not attorneys fees and costs, are appropriate here.

## CONCLUSION

Accordingly, plaintiff's motion to have Reid's sanctions paid to him for attorney's fees and costs, instead of to this Court (Doc. 269), is **DENIED**.


**IT IS SO ORDERED**

**DATE:   December 17, 2010**

             **/s/  WILLIAM D. STIEHL**
              **DISTRICT JUDGE**